UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE NEUMILLER,<br><br>Plaintiff<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | No. 2:22-cv-00610<br><br>COMPLAINT FOR DECLARATION OF RIGHT TO BENEFITS, FOR RECOVERY OF BENEFITS AND FOR CLARIFICATION OF RIGHT TO FUTURE BENEFITS |

COMES NOW THE PLAINTIFF, Julie Neumiller, and alleges as follows:

**I. NATURE OF ACTION**

1.1  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and specifically under 29 U.S.C. § 1132(a)(1)(B).

1.2  Plaintiff seeks a determination and declaration of her rights to long-term disability benefits under an ERISA-governed employee benefit plan, and to recover such benefits, prejudgment interest, and attorneys' fees and costs.

COMPLAINT - 1
No. 2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

## II.  JURISDICTION AND VENUE

2.1  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

2.2  Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## III.  PARTIES

3.1  Plaintiff Julie Neumiller is an adult residing in the Western District of Washington.

3.2  Defendant Hartford Life and Accident Insurance Company is a Connecticut corporation transacting business in the Western District of Washington.

## IV.  FACTUAL ALLEGATIONS

4.1  Defendant Hartford Life and Accident Insurance Company is a wholly owned subsidiary of Hartford Life, Inc., which is a wholly owned subsidiary of Hartford Holdings, Inc., which is a wholly-owned subsidiary of The Hartford Financial Services Group, Inc.

4.2  Defendant is authorized to sell insurance, including disability insurance, in Washington State.

4.3  Defendant resides, or may be found, in the Western District of Washington.

4.4  Edward D. Jones & Co., L.P. is an "employer" as that term is defined by 29 U.S.C. § 1002(5).

4.5  Plaintiff is an "employee," within the meaning of 29 U.S.C. § 1002(6), of Edward D. Jones & Co., L.P.

4.6  Edward D. Jones & Co., L.P. provides long-term disability insurance to its employees under an ERISA-governed employee benefit plan, the Group Long Term Disability Plan for Employees of EDWARD D. JONES & CO, LP ("the Plan").

4.7  Plaintiff is a "participant," within the meaning of 29 U.S.C. § 1002(7), of the Plan.

COMPLAINT - 2
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.8  Plaintiff is a "beneficiary," within the meaning of 29 U.S.C. § 1002(8), of the Plan.

4.9  Defendant insures the long-term disability benefits paid to Plan participants who meet the terms and conditions of coverage under the Plan, through an insurance policy it issued to Edward D. Jones & Co., L.P., Policy Number GLT675830 (referred to herein as "the Policy").

4.10  Defendant is a "fiduciary" as that term is defined by 29 U.S.C. § 1002(21), with respect to the Plan.

4.11  Alternatively or additionally, Defendant is a "functional fiduciary" with respect to the Plan.

4.12  Defendant provides administrative services to the Plan, including evaluation of long-term disability claims made under the Plan.

4.13  The Policy states in part, "[c]apitalization of a term, not normally capitalized according to the rules of standard punctuation, indicates a word or phrase that is a defined term in The Policy or refers to a specific provision contained herein."

4.14  The Policy defines "Disability" or "Disabled" as follows:

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
>
> 1) Your Occupation during the Elimination Period;
>
> 2) Your Occupation, for the 2 year(s) following the Elimination Period, and as a result your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
>
> 3)  after that, Any Occupation.

4.15  The Policy defines "Any Occupation" as follows:

> **Any Occupation** means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of:

COMPLAINT - 3
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614   Fax 206.905-2342

> 1) the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or
>
> 2) the Maximum Monthly Benefit.

4.16  The Policy defines "Current Monthly Earnings" as follows:

> **Current Monthly Earnings** means monthly earnings You receive from:
>
> 1) Your Employer; and
>
> 2) other employment;
>
> while You are Disabled.

4.17  The Policy defines "Pre-disability Earnings" as follows:

> **Pre-disability Earnings** means the base rate of pay, including Bonuses and overtime pay You were earning from the Employer as of the December 31st immediately prior to the last day of active work before Your Disability began. Also included are any elective pre-tax contributions You make through a salary reduction agreement with the Employer.

4.18  The Policy defines "Indexed Pre-disability Earnings" as follows:

> **Indexed Pre-disability Earnings** means Your Pre-disability Earnings adjusted annually by adding the lesser of:
>
> 1) 10%; or
>
> 2) the percentage change in the Consumer Price Index (CPI-W).

4.19  The Policy states that the "Benefit Percentage" is 60%.

4.20  The Policy defines "Elimination Period" as "180 consecutive days at the beginning of any one period of Disability which must elapse before benefits are payable[.]"

4.21  The Policy provides that a person may work while disabled and receive a partial disability benefit. It states in relevant part:

> **Calculation of Monthly Benefit: Return to Work Incentive:** *How are my Disability benefits calculated?*

COMPLAINT - 4
No. 2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

> If You remain Disabled after the Elimination Period, but work while You are Disabled, We will determine Your Monthly Benefit for a period of up to 12 consecutive months as follows:
>
> > 1) multiply Your Pre-disability Earnings by the Benefit Percentage;
> >
> > 2) compare the result with the Maximum Benefit; and
> >
> > 3) from the lesser amount, deduct other Income Benefits.
>
> The result is Your Monthly Benefit. Current Monthly Earnings will not be used to reduce Your Monthly Benefit. However, if the sum of Your Monthly Benefit and Your Current Monthly Earnings exceeds 100% of Your Pre-disability Earnings, We will reduce Your Monthly Benefit by the amount of excess.
>
> The 12 consecutive month period will start on the last to occur of:
>
> > 1) the day You first start work; or
> >
> > 2) the end of the Elimination Period.
>
> If You are Disabled and not receiving benefits under the Return to Work Incentive, We will calculate Your Monthly Benefit as follows:
>
> > 1) multiply Your Monthly Income Loss by the Benefit Percentage;
> >
> > 2) compare the result with the Maximum Benefit; and
> >
> > 3) from the lesser amount, deduct Other Income Benefits.
>
> The result is Your Monthly Benefit.

4.22  The Policy defines "Monthly Income Loss" as "Your Pre-disability Earnings minus Your Current Monthly Earnings."

4.23  Plaintiff became disabled within the meaning of the Policy and the Plan on or about May 22, 2019, in that, due to sickness, she was prevented from performing one or more of the Essential Duties of her occupation.

4.24  Plaintiff applied for benefits under the Policy and the Plan.

COMPLAINT - 5
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.25  Defendant determined Plaintiff was disabled under the Policy as of May 22, 2019, and began paying her long-term disability benefits on a monthly basis effective on or about November 18, 2019, after the Policy's 180-day Elimination Period had passed.

4.26  On or about January 9, 2020, Plaintiff returned to part-time work with Edward D. Jones & Co., L.P.

4.27  Pursuant to the Policy terms described above in Paragraph 4.21, Defendant continued to pay Plaintiff a partial disability benefit after she returned to part-time work.

4.28  In order to calculate Plaintiff's monthly benefit while working part-time, Defendant obtained information each month from Plaintiff's employer regarding the amount of her earnings, and then calculated what it claimed where her Current Monthly Earnings.

4.29  In some months, as alleged below and as will be demonstrated at trial, Defendant incorrectly calculated Plaintiff's Current Monthly Earnings.

4.30  Plaintiff and her medical providers continued to provide Defendant information documenting and demonstrating that she remained disabled under the Plan, and Defendant continued to pay her partial disability benefits.

4.31  On or about February 26, 2021, Defendant wrote Plaintiff that based on "all the medical information in the file" she was no longer disabled, and that it had terminated her benefits effective on or about February 25, 2021.

4.32  On or about December 15, 2021, Plaintiff submitted an appeal to Defendant, providing medical records, and other information demonstrating that she remained disabled under the terms of the Policy.

4.33  On or about February 2, 2022, Defendant wrote Plaintiff and stated it had reviewed her appeal, agreed she had remained disabled as of February 24, 2021 and continuing thereafter,

COMPLAINT - 6
No. 2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington 98115
Tel 206.694-1614  Fax 206.905-2342

and advised that it would resume paying her benefits effective on or about February 24, 2021 and continuing thereafter.

4.34  Defendant's February 2, 2022 letter further stated that Defendant had determined Plaintiff was disabled under the Policy's "Any Occupation" definition of disability, and thus eligible for and entitled to receive disability benefits beyond November 18, 2021, when the two-year "Your Occupation" definition of Disability ended and was replaced by the "Any Occupation" definition.

4.35  On or about March 21, 2022, Defendant wrote Plaintiff and advised it had terminated her claim again, this time because it "determined that no Long Term Disability (LTD) benefits are payable as of 2/1/2022 due to the level of earnings she is receiving from work."

4.36  Defendant based its claim that it no longer owed Plaintiff disability benefits on the allegation that Plaintiff's "Current Monthly Earnings" in February 2022 exceeded 60% of her "Indexed Pre-Disability Earnings."  Its March 21, 2022 letter stated:

> Her paystubs show that for 2/1/2022 to 2/19/2022 she earned $3,275.66. Because this is more than 60% of the [Indexed] Pre-Disability Earnings, the Long Term Disability benefits have been terminated as of 2/1/2022.

4.37  Defendant's March 21, 2022 letter further stated, "The Edward D. Jones & Co., L.P. LTD policy cancelled with us as of 1/1/2022.  Because of this, Ms. Neumiller is no longer covered under this policy and further benefits are not payable."

4.38  When calculating Plaintiff's February 2022 Current Monthly Earnings, Defendant incorrectly included bonuses Plaintiff received, and thus over-stated her Current Monthly Earnings.

COMPLAINT - 7
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.39  As set forth above in Paragraphs 4.16 and 4.17, Defendant wrote the Policy to have one term defining how it calculates a person's earnings before they became disabled ("Pre-disability Earnings"), and a second and different term defining how it calculates a person's earnings after they became disabled ("Current Monthly Earnings").

4.40  As set forth above in Paragraph 4.17, Defendant wrote the Policy to define Pre-disability Earnings as follows:

> Pre-disability Earnings means the base rate of pay, **including Bonuses** and overtime pay You were earning from the Employer as of the December 31st immediately prior to the last day of active work before Your Disability began. ***Also included are any elective pre-tax contributions*** You make through a salary reduction agreement with the Employer.

(emphasis added).

4.41  As set forth above in Paragraph 4.16 and as stated in the Policy, Defendant did not include bonuses or elective pre-tax contributions when it defined Current Monthly Earnings.  The definition it wrote for Current Monthly Earnings is:

> Current Monthly Earnings means monthly earnings You receive from:
>
>   1) Your Employer; and
>
>   2) other employment;
>
> while You are Disabled.

4.42  Defendant's decision to include bonuses when calculating Plaintiff's Current Monthly Earnings was contrary to the provisions of the Policy and the Plan, and contrary to law.

4.43  Further, since January 2020 when Plaintiff returned to part-time work, Defendant, when calculating her Current Monthly Earnings, included elective pre-tax contributions.

COMPLAINT - 8
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.44  Defendant's decision to include elective pre-tax contributions when calculating Plaintiff's Current Monthly Earnings was contrary to the provisions of the Policy and the Plan, and contrary to law.

4.45  If one calculates Plaintiff's Current Monthly Earnings for February 2022 correctly, and does not include bonuses, then her Current Monthly Earnings for that month do not exceed 60% of her Indexed Pre-Disability Earnings and there was no basis to terminate her claim.

4.46  On or about April 19, 2022, Plaintiff submitted an appeal to Defendant asking it to reverse its decision to terminate her benefits.

4.47  Plaintiff's appeal advised Defendant that application of ordinary principles of contract interpretation, including the principle that a contract term is ambiguous if subject to more than one reasonable interpretation, apply to ERISA-governed insurance policies.

4.48  Plaintiff's appeal advised Defendant that because the Policy's definition of Current Monthly Earnings can reasonably be interpreted as including or not including bonuses and elective pre-tax contributions, it is ambiguous.

4.49  Plaintiff's appeal advised Defendant that the rule of *expressio unius est exclusio alterius*, that "to express or include one thing implies the exclusion of the other, or of the alternative," is used to resolve the ambiguities of a contract.

4.50  Plaintiff's appeal advised Defendant that the Policy it wrote explicitly includes bonuses when defining Pre-disability Earnings, yet does not include bonuses when defining Current Monthly Earnings, and that this demonstrates that when Defendant wanted to include bonuses in earnings calculations, it knew how to do so.

COMPLAINT - 9
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.51  Plaintiff's appeal advised Defendant that its decision to not mention bonuses when defining Current Monthly Earnings shows that Current Monthly Earnings does not include bonuses.

4.52  Plaintiff's appeal advised Defendant that its decision to not mention elective pre-tax contributions when defining Current Monthly Earnings shows that Current Monthly Earnings does not include elective pre-tax contributions.

4.53  Plaintiff's appeal further advised Defendant that, alternatively or additionally, under the rule of *contra proferentem*, if after applying normal principles of contractual construction, an insurance contract is fairly susceptible of two different interpretations, then the interpretation that is most favorable to the insured must be adopted.

4.54  Plaintiff's appeal further advised Defendant that Plaintiff's interpretation – that Current Monthly Earnings do not include bonuses and elective pre-tax contributions, when Defendant included those terms when defining Pre-disability Earnings but omitted them when defining Current Monthly Earnings – is reasonable and therefore must be applied.

4.55  Plaintiff's appeal asked Defendant to reverse its benefit termination; to correctly calculate Plaintiff's February 2022 Current Monthly Earnings without including bonuses; to recalculate its determination of Plaintiff's Currently Monthly Earnings in the months since January 2020; and to reimburse her for the improper deductions it made to her Monthly Benefits because it had included elective pre-tax contributions and bonuses when calculating her Current Monthly Earnings from January 2020 forward.

4.56  On or about April 27, 2022, Defendant wrote Plaintiff and advised that it denied her appeal.  It stated:

> Our appeal review has concluded your client's Current Monthly Earnings exceeded the threshold allowed by the Policy as of February 2022. As such, the

COMPLAINT - 10
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

termination of your client's claim for benefits was appropriate and the claim remains closed.

With regards to your statement that calculations of Current Monthly Earnings from January 2020 through January 2022 were incorrect and should be recalculated, this is beyond the scope of the appeal review as appeal rights were only given specific to the termination of benefits effective February 1, 2022. We have asked the claims team to respond to your request regarding the calculation of benefits prior to February 1, 2022.

4.57  Defendant was both the decision-maker with respect to Plaintiff's long-term disability benefits, and the entity that paid those benefits.

4.58  Because it was both the decision-maker and payor with respect to Plaintiff's long-term disability benefits, Defendant had a conflict of interest.

4.59  Defendant's conflict of interest affected its determination of whether to include bonuses and elective pre-tax contributions when calculating Plaintiff's Current Monthly Earnings.

4.60  Plaintiff has been continuously disabled within the meaning of the Policy and the Plan since on or about February 1, 2022, in that, due to sickness, she has been prevented from performing one or more of the Essential Duties of any occupation for which she is qualified by education, training or experience, and that has an earnings potential greater than the product of the Benefit Percentage of 60% times her Indexed Pre-disability Earnings.

4.61  Plaintiff's Current Monthly Earnings never exceeded 60% of her Indexed Pre-disability Earnings at any time after November 18, 2021, when the Policy's "Any Occupation" definition of disability became effective as to her claim.

4.62  Plaintiff has been eligible for, and entitled to receive, long-term disability benefits since on or about February 1, 2022.

COMPLAINT - 11
No. 2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.63  Defendant's termination of Plaintiff's disability benefits was wrongful, unreasonable, contrary to the provisions of the Plan, and contrary to law.

4.64  Plaintiff has exhausted her so-called "administrative remedies" under the Plan, at least with respect to Defendant's termination of her claim based on its allegation that her Current Monthly Earnings in February 2022 exceeded 60% of her Indexed Pre-disability Earnings.

4.65  Plaintiff reserves the right to amend her claims and the relief she seeks in this action pending the outcome of Defendant's consideration of her request that it re-calculate the benefits owing to her from January 2020 forward without including her elective pre-tax contributions in its calculation of her Current Monthly Earnings.

## V.  STATEMENT OF CLAIMS

5.1  Plaintiff re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.64 above.

5.2  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the disability benefits due her under the Plan, to enforce her rights under the Plan, and to clarify her rights to future benefits under the Plan.

5.3  Defendant's determination that Plaintiff's Current Monthly Earnings includes bonuses violates the terms of the Plan and violates Plaintiff's rights under the Plan.

5.4  Plaintiff has been and remains continuously disabled within the meaning of the Plan and eligible and entitled to receive disability benefits from on or about February 1, 2022 forward.

COMPLAINT - 12
No.  2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

5.5  By denying that Plaintiff was disabled under the terms of the Plan, and by refusing to pay Plaintiff disability benefits, Defendant violated the terms of the Plan and denied Plaintiff her rights under the Plan.

5.6  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court that when Defendant calculates "Current Monthly Earnings" it may not include bonuses in that calculation.

5.7  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court that she remained disabled under the Policy's "Any Occupation" definition of "Disability" as of February 1, 2022 and continuing thereafter, and an Order directing Defendant to pay her long-term disability benefits in accordance with the Plan's terms.

## VI.  PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1  That the Court declare that Defendant, by including bonuses in its calculation of Plaintiff's Current Monthly Earnings, violated the terms of the Plan and violated Plaintiff's rights under the Plan;

6.2  That the Court order Defendant to calculate Plaintiff's "Current Monthly Earnings" for each month from January 2020 to the present, and to do so without including bonuses in that calculation;

6.3  That the Court declare that by denying that Plaintiff was disabled under the terms of the Plan, and by terminating her claim, Defendant violated the terms of the Plan and denied Plaintiff her rights under the Plan;

COMPLAINT - 13
No. 2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

6.4  That the Court declare that Plaintiff has been and remains continuously disabled within the meaning of the Plan and eligible and entitled to receive disability benefits from on or about February 1, 2022 forward;

6.5  That the Court order Defendant to reinstate Plaintiff's claim for disability benefits under the Plan;

6.6  That the Court order Defendant to pay Plaintiff the disability benefits she was entitled to receive since February 1, 2022 through the time of trial, with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

6.7  That this Court order Defendant to continue to pay Plaintiff disability benefits so long as she remains disabled under the terms of the Plan, and to calculate her Current Monthly Earnings correctly;

6.8  That this Court order Defendant to pay Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

6.9  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

DATED this 6th day of May 2022.

LAW OFFICE OF MEL CRAWFORD

By s/*Mel Crawford*
   Mel Crawford, WSBA #22930
   Attorneys for Plaintiff

COMPLAINT - 14
No. 2:22-cv-00610

LAW OFFICE OF MEL CRAWFORD
9425 35th Ave. N.E.; Suite C
Seattle, Washington 98115
Tel 206.694-1614  Fax 206.905-2342