UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE NEUMILLER,<br><br>             Plaintiff,<br><br>  v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>             Defendant. | C22-0610 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff Julie Neumiller's motion for judgment under Federal Rule of Civil Procedure 52, docket no. 11. Defendant Hartford Life and Accident Insurance Company ("Hartford") opposes Plaintiff's motion and asks the Court to enter judgment in its favor. Having reviewed the Administrative Record,[1] and all papers filed in support of, and in opposition to, the motion, the Court determines

---

[1] The Administrative Record, docket no. 12, filed jointly by Plaintiff and Hartford is divided into two sections, (i) Hartford's claim file, HART 1–2383 (docket nos. 12-1–12-4), and (ii) the policy at issue in this action, PLAN 1–42 (docket no. 12-5).

ORDER - 1

that oral argument is unnecessary and enters the following Order. This Order comprises the findings of fact and conclusions of law required by Rule 52(a).

**Background**

Plaintiff is employed by Edward D. Jones & Co., L.P. ("Edward Jones"). Through her employment, Plaintiff participated in a group long-term disability ("LTD") policy administered by Hartford (the "Policy") and governed by the Employee Retirement Income Security Act ("ERISA"). *See generally* PLAN 1–42. On May 22, 2019, Plaintiff began medical leave after she developed trigeminal neuralgia.[2] *See* HART 152. Unable to work, Plaintiff applied for disability benefits under the Policy.

In January 2020, Plaintiff returned to work at Edward Jones on a part-time basis and Hartford began calculating her monthly benefits under the Policy's "Return to Work Incentive." HART 261; *see also* PLAN 13–14. In February 2022, one of Plaintiff's paystubs from Edward Jones reflected a "Trimester Bonus – FA Share" of $1,750 and a "Trimester Bonus – Firm Share" of $1,750. HART 510. In a letter dated March 21, 2022, Hartford notified Plaintiff that her benefits were not payable as of February 1, 2022, due to her earnings. HART 177. As provided in the letter:

> The information in the file shows that Ms. Neumiller last worked for Edward D. Jones & Co., L.P. on 5/21/2019 as a Branch Office Administrator. She returned to work on 1/9/2020. She may continue to receive Long Term Disability benefits as long as she continues to be Disabled and the Current Monthly Earnings are less than 60% of the Indexed Pre-Disability Earnings.

---

[2] "Trigeminal neuralgia is a severe paroxysmal facial pain, often described by patients as 'world's worst pain.'" HART 1230.

> Ms. Neumiller's Indexed Pre-Disability Earnings are $4,878.88. When you begin to earn more than $2,927.33, which is 60% of the Indexed Pre-Disability Earnings, Long Term Disability Benefits will end.
>
> Her paystubs show that for 2/1/2022 to 2/19/2022 she earned $3,275.66. Because this is more than 60% of the Indexed Pre-Disability Earnings, the Long Term Disability benefits have been terminated as of 2/1/2022.

HART 180. Under the Policy, "Current Monthly Earnings means monthly earnings You receive from: 1) Your Employer; and 2) other employment; while You are Disabled." PLAN 20.

On April 19, 2022, Plaintiff appealed Hartford's termination of her benefits. HART 358–412. Plaintiff contended that Hartford improperly calculated her Current Monthly Earnings when it included the bonuses she received in February 2022. HART 358. The appeal also asserted that Hartford had improperly calculated Plaintiff's monthly benefits since she first returned to work in January 2020 because it included in her Current Monthly Earnings elective pre-tax contributions to her 26 U.S.C. § 401(k) savings account ("401(k) plan"). HART 358. On April 27, 2022, Hartford denied Plaintiff's appeal as it related to her claim that Hartford improperly included bonuses in her Current Monthly Earnings. HART 171–74. On May 5, 2022, Hartford notified Plaintiff that it had correctly included elective contributions to her 401(k) plan when calculating her benefits. HART 164–70.

On May 6, 2022, Plaintiff commenced this action, alleging only that Hartford improperly calculated her Current Monthly Earnings by including bonuses. *See* Compl. at ¶ 6.1 (docket no. 1). Meanwhile, on May 12, 2022, Plaintiff appealed Hartford's inclusion of elective pre-tax contributions in her Current Monthly Earnings. HART 325–

ORDER - 3

30. Hartford denied the appeal on May 23, 2022, HART 157–59, and Plaintiff amended her complaint to include the additional claim, Am. Compl. at ¶ 6.2 (docket no. 7). The only issue before the Court is whether Hartford properly calculated Plaintiff's Current Monthly Earnings when it included her bonuses and elective pre-tax contributions to a 401(k) plan.

## Discussion

### 1.  Standard of Review

ERISA provides that a "participant" may bring a civil action "to recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). Plaintiff brings this action to recover benefits under her Policy. The presumptive standard of review for ERISA benefit determinations is de novo. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, the parties have agreed to the de novo standard of review. Joint Status Report at ¶ 9 (docket no. 9). When a district court reviews a denial of benefits de novo, the claimant bears the burden of proving that she is entitled to benefits under her plan. *See Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010). Further, "[w]here review is de novo, a Rule 52 motion appears to be the appropriate mechanism for resolving the dispute." *Gallupe v. Sedgwick Claims Mgmt. Servs. Inc.*, 358 F. Supp. 3d 1183, 1190 (W.D. Wash. 2019). "Under Rule 52, the court conducts what is essentially a bench trial on the record." *Minton v. Deloitte & Touche USA LLP Plan*, 631 F. Supp. 2d 1213, 1218 (N.D. Cal. 2009) (citing *Kearney*

*v. Standard Ins. Co.*, 175 F.3d 1084, 1094–95 (9th Cir. 1999)).  Accordingly, the Court will resolve this dispute under Rule 52.

**2.      Current Monthly Earnings**

Plaintiff argues that the term Current Monthly Earnings is ambiguous.  "When faced with questions of insurance policy interpretation under ERISA, federal courts apply federal common law."  *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1125 (9th Cir. 2002).  "Courts construe ERISA plans, as they do other contracts, by 'looking to the terms of the plan' as well as to 'other manifestations of the parties' intent.'"  *U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 102 (2013) (quoting *Firestone*, 489 U.S. at 113).  A court must interpret a plan's terms "in an ordinary and popular sense as would a person of average intelligence and experience."  *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1194 (9th Cir. 2007).  In the Ninth Circuit, a term is considered ambiguous if it is "reasonably susceptible of more than one construction or interpretation."  *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir. 1981).  The Court will not, however, "artificially create ambiguity where none exists."  *See Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990).

In this case, the term Current Monthly Earnings is unambiguous.  The Policy defines Current Monthly Earnings as "monthly earnings You receive from:  1) Your Employer; and 2) other employment; while You are Disabled."  PLAN 20.  Although Plaintiff contends that this term is reasonably susceptible of more than one construction or interpretation, the definition of Current Monthly Earnings is clear.  Current Monthly Earnings includes monthly earnings Plaintiff received from Edward Jones.  There is no

ORDER - 5

dispute that Plaintiff received two bonuses from her employer in February 2022 or that she elected to contribute some of her monthly earnings to a 401(k) plan.  *See* HART 510.

Plaintiff cites *Rosenthal-Zuckerman v. Epstein, Becker & Green Long Term Disability Plan*, 39 F. Supp. 3d 1103 (C.D. Cal. 2014) to support her argument that Current Monthly Earnings is ambiguous.  In *Rosenthal-Zuckerman*, the plaintiff contended that contributions to her 26 U.S.C. § 403(b) pension plan were not "Actual Monthly Residual Earnings" for the purposes of calculating her disability benefit.  *Id.* at 1104–05.  The policy at issue defined Actual Monthly Residual Earnings as "the Employee's salary, wages, commissions, bonuses, fees, and income earned for services performed."  *Id.* at 1106.  The court found that the term was ambiguous because it could reasonably be interpreted as including or not including § 403(b) pension plan contributions due to the fact that the definition was silent as to such contributions.  *Id.* at 1106–07.  Additionally, the inclusion of the word "residual" suggested that the term did not mean "all employment income regardless of the form in which it is paid" because residual income, by definition, refers to "income remaining after certain items have been removed."  *Id.* at 1107.

Unlike the term at issue in *Rosenthal-Zuckerman*, Current Monthly Earnings is defined broadly without reference to salary, commissions, bonuses, fees, or residual income.  Instead, Current Monthly Earnings is comprehensive and includes monthly earnings a participant receives from his or her employer, such as Plaintiff's bonuses and

her pre-tax elective contributions.  The Court, therefore, FINDS that Current Monthly Earnings includes bonuses and pre-tax contributions to a 401(k) plan.[3]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for judgment under Rule 52, docket no. 11, is DENIED;

(2) For the reasons stated in this Order, Hartford properly calculated Plaintiff's Current Monthly Earnings and is entitled to judgment under Rule 52; and

(3) The Clerk is directed to enter Judgment consistent with this Order, send copies of the Judgment and this Order to all counsel of record, and CLOSE this case.

IT IS SO ORDERED.

Dated this 29th day of August, 2022.

*[signature]*

Thomas S. Zilly
United States District Judge

---

[3] The Court is unpersuaded by Plaintiff's claim that she has not "received" pre-tax contributions to her 401(k) plan.  The word "received" is not ambiguous in the context of Current Monthly Earnings.  In this case, Plaintiff received monthly earnings from her employer and elected to contribute a portion of those monthly earnings to a 401(k) plan.

ORDER - 7