1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8

9

10

11

JULIE NEUMILLER,

                    Plaintiff,

     v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                    Defendant.

C22-0610 TSZ

MINUTE ORDER

12

13

        The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge, in connection with Plaintiff's motion for
attorneys' fees and costs, docket no. 28:

14

15

16

17

18

19

20

21

        (1)     Plaintiff filed this case alleging claims under the Employee Retirement
Income Security Act of 1974 ("ERISA") for Defendant's termination of her long-term
disability benefits and seeking, *inter alia*, a reinstatement of her benefits.  Am. Compl. at
¶¶ 1.1–1.2, 5.1–6.10 (docket no. 7).  The Court denied Plaintiff's motion for judgment
under Federal Rule of Civil Procedure 52 and entered judgment in Defendant's favor.
*See* Order (docket no. 15).  Plaintiff appealed.  *See* Notice of Appeal (docket no. 17).
The Ninth Circuit concluded that Defendant failed to properly prorate Plaintiff's
Trimester Bonus when calculating her Currently Monthly Earnings, vacated the
judgment, and remanded the case to this Court for further development of the
Administrative Record.  *See* Ninth Circuit Memorandum (docket no. 22); Mandate
(docket no. 24).  The Court then remanded the matter to Defendant "with instructions that
the parties develop the Administrative Record to include sufficient information regarding
Plaintiff's Trimester Bonuses to permit [Defendant] to review and, if necessary, revise its
benefits decision consistent with the Ninth Circuit's Decision."  Order at 2 ¶ 2 (docket
no. 27).  Plaintiff moves under ERISA's fee shifting statute, 29 U.S.C. § 1132(g)(1), for

22

23

1    an award of $42,000 in attorneys' fees and $844.40 in costs incurred in litigating her case
2    before this Court.[1]

3         (2)     Under 29 U.S.C. § 1132(g)(1), a court may award any party to an ERISA
     action reasonable attorneys' fees and costs if that party can "show 'some degree of
4    success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255
     (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). The Court finds
5    that Plaintiff has achieved some degree of success on the merits. Defendant argues that
     Plaintiff should not be awarded attorneys' fees and costs because she has achieved no
6    more than a trivial success on the merits or a procedural victory. Post-*Hardt*, "lower
     court cases have usually concluded that a remand to conduct further administrative
7    proceedings is not a merely procedural victory or trivial success but reflects a sufficient
     degree of success on the merits to qualify for an award of fees and expenses." *Bunger v.*
8    *Unum Life Ins. Co. of Am.*, 231 F. Supp. 3d 865, 869 (W.D. Wash. 2017) (internal
     alterations omitted) (quoting *Barnes v. AT & T Pension Benefit Plan-Nonbargained*
9    *Program*, 963 F. Supp. 2d 950, 962 (N.D. Cal. 2013)); *see also Gorbacheva v. Abbot*
     *Laboratories Extended Disability Plan*, 794 F. App'x 590, 594 (9th Cir. 2019). An
10   award of benefits on remand is not necessary for Plaintiff to have achieved a sufficient
     degree of success to warrant fees. *See Gorbacheva*, 794 F. App'x at 594; *Gross v. Sun*
11   *Life Assurance Co. of Can.*, 763 F.3d 73, 80 (1st Cir. 2014), *cert. denied*, 135 S. Ct. 1477
     (2015) ("[E]ven if we had reviewed the record ourselves and concluded that Gross is not
12   entitled to disability benefits, we still would have found her eligible for a fee award based
     on the success she did achieve."). Regardless of whether Plaintiff is awarded benefits on
13   remand, remand for further development of the Administrative Record constitutes some
     degree of success on the merits because it has given Plaintiff another chance to obtain
14   benefits, *Gross*, 763 F.3d at 78 (internal citations omitted), and is a "judicially-sanctioned
     change" in Plaintiff's relationship with Defendant, *Roberts v. Anthem Life Ins. Co.*, No.
15   CV 16-00571, 2017 WL 11635448, at *4 (C.D. Cal. July 21, 2017) (citing *Flom v. Holly*
     *Corp.*, 276 F. App'x 615, 617 (9th Cir. 2008)).

16        (3)     Because Plaintiff has achieved some degree of success on the merits, the
     Court considers the factors set forth in *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th
17   Cir. 1980), to determine whether to award her attorneys' fees. *Simonia v. Glendale*
     *Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). The *Hummel* factors
18   are:

19        "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of
          the opposing parties to satisfy an award of fees; (3) whether an award of fees
20        against the opposing parties would deter others from acting under similar
          circumstances; (4) whether the parties requesting fees sought to benefit all

21   ───────────────────

22   [1] Plaintiff has withdrawn the portion of her motion seeking $86,820 in attorneys' fees and
     $658.43 in costs incurred during this case's appeal. Pl.'s Reply at 1 (docket no. 32).

23

MINUTE ORDER - 2

participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions."

*Hummel*, 634 F.2d at 453.  "The *Hummel* factors do not require the Court to find that each factor weighs in support of fees because the factors 'reflect a balancing.'"  *Bunger*, 231 F. Supp. 3d at 870 (quoting *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999)).  Defendant, by failing to properly prorate Plaintiff's Trimester Bonus, failed to fulfill its legal duties under ERISA to Plaintiff.  An award of fees will deter Defendant from violating its ERISA obligations, *see Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1033 (N.D. Cal. 2011) (citing *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1248 (N.D. Cal. 2008) and *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984)), and discourage Defendant from prioritizing its own interests over the interests of plan beneficiaries, *see Cherry v. Prudential Ins. Co. of Am.*, No. 21-0027, 2022 WL 3925304, at *3 (W.D. Wash. Aug. 30, 2022).  In bringing this case, Plaintiff has benefited other plan participants by clarifying how an ambiguous plan provision is to be interpreted.  *See Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 590 (9th Cir. 1984). The finding that Plaintiff achieved some degree of success on the merits supports the finding that her position had relative merit.  *See Barnes*, 963 F. Supp. 2d at 968.  The Court finds that the *Hummel* factors support awarding attorneys' fees and costs to Plaintiff.

(4)     Defendant does not contend that the hours expended or Plaintiff's counsel's hourly rate are unreasonable.  The Court finds that the hours expended by Plaintiff's counsel on this matter and counsel's rate of $600 per hour are reasonable.

(5)     The Court GRANTS Plaintiff's motion for attorneys' fees and costs. docket no. 28.  Defendant is ORDERED to pay $42,000 in attorneys' fees and $844.40 in costs, in total $42,844.40, to Plaintiff within twenty (20) days of the entry of this Minute Order.

(6)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of November, 2023.


Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3